IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

POI INVESTMENT, L.L.C. d/b/a POST OAK INN

PLAINTIFF,

vs.                                                                CIVIL ACTION NO.
                                                                           JUDGE_____

GREAT LAKES INSURANCE SE f/k/a
GREAT LAKES REINSURANCE (UK) SE,

DEFENDANT.

## PLAINTIFF'S ORIGINAL COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW, POI INVESTMENT, L.L.C. d/b/a POST OAK INN** (hereinafter, referred to as Plaintiff), and files this, its **Original Complaint**, and for causes of action against GREAT LAKES INSURANCE SE f/k/a GREAT LAKES REINSURANCE (UK) SE (hereinafter, referred to as "Great Lakes"), would show unto the Court and the jury the following:

### PARTIES AND SERVICE OF PROCESS

1. Plaintiff **POI INVESTMENT, L.L.C. d/b/a POST OAK INN** owns the property located at 14702 S. Post Oak Rd., Houston, Texas 77045 that is the subject of this lawsuit and is situated in Harris County, Texas.

2. Defendant Great Lakes is a foreign insurance company registered to engage in the business of insurance in the State of Texas. GREAT LAKES is a German insurance company with its principal place of business located in Munich. This Defendant Great Lakes may be served with personal service by a process server, by

1

serving its Attorney for Service, Mr. Edward Smith, Mendes and Mount, L.L.P., 750 Seventh Avenue, New York, NY 10019-6829.

## STATUTORY AUTHORITY

3. This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq.*, 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the properties that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6. Defendant Great Lakes has been provided written notice of the claims made by Plaintiff in this complaint, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

7. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant Great Lakes.

## FACTS

8. This lawsuit arises out of the following transactions, acts, omissions, and/or events. Hurricane Harvey struck South Texas on August 25, 2017 over several

days and caused catastrophic damage throughout the region. On or about August 29, 2017, Plaintiff's property sustained damages as a result of Hurricane Harvey winds over multiple consecutive days.

9. On October 13, 2017, Plaintiff submitted a claim to Defendant Great Lakes and its managing general agent, McClelland and Hine, Inc. ("McClelland") pursuant to the contract of insurance, for damages to the property as a result of Hurricane Harvey and asked Defendant Great Lakes to honor its contractual obligations and cover the cost of repairs to the property.

10. As agent for Defendant Great Lakes, all actions taken by McClelland were on Defendant Great Lakes' behalf.

11. Defendant Great Lakes and McClelland accepted the Plaintiff's claim.

12. Defendant Great Lakes and McClelland and Hine, Inc. chose not to investigate Plaintiff's clam. They simply closed Plaintiff's claim without inspecting the property.

13. On December 6, 2017, Plaintiff's public adjuster contacted McClelland and Defendant Great Lakes regarding their delay investigating the claim. Defendant Great Lakes and McClelland simply opened a new claim and assigned The Littleton Group ("Littleton") as its third-party adjuster to assist in the adjustment, investigate and evaluate the claim.

14. McClelland and Hine, Inc. assigned a claim number of 45701. Littleton assigned Mr. Craig Taylor to inspect the property, investigate coverage and prepare a damage estimate.

15. Mr. Taylor inspected the property on January 3, 2018 with Plaintiff's public adjuster and they determined there was damage to the roof and wind created openings that allowed water to enter the property. Mr. Taylor then estimated the covered damages to be $96,532.72.

16. In a letter dated May 2, 2018, Mr. Taylor provided his estimate of the covered damages and proof of loss and advised that the undisputed actual cash value of the loss was $58,754.41. Mr. Taylor also changed the date of the loss to January 2017.

17. On or about September 11, 2018, long after Defendant Great Lakes' deadline to issue payment had expired, McClelland sent Plaintiff a check in the amount of $58,754.41, the undisputed actual cash value of the loss as determined by Mr. Taylor.

18. After inspecting the property, Plaintiff's public adjuster, Stevephen Lott determined that Plaintiff's property damages were grossly undervalued by Mr. Taylor and Defendant Great Lakes. Mr. Lott determined that there was wind damage to the roof and water damage that entered through wind created openings. Mr. Lott found the value of just the interior damage to be $116,114.93

19. Even though the property had sustained extensive damages from the storm, Taylor ignored wind created damages to the property. Taylor completed a results oriented, unreasonable inspection, failed to document all the covered wind damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages.

20. Plaintiff did not agree with Mr. Taylor's assessment of the damages to the property.

21. Plaintiff contacted Defendant Great Lakes to discuss their disagreement with the coverage determination made by Taylor, but Defendant Great Lakes stood firm on the assessment of its representative.

22. Plaintiff then retained Richard Clarke of Risk Protection Services to re-inspect the property and assist in determining the extent of damage to the exterior of the property. Mr. Clarke inspected the property with Plaintiff. Mr. Clarke provided an estimate of damages to the roof based on his inspection of the property in the amount of $162,481.61..

23. Defendant Great Lakes relied upon Mr. Taylor's inaccurate and unreasonable report to deny the Plaintiff's damages. Furthermore, Defendant Great Lakes failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

24. Based on the improper, inadequate, and incomplete investigation of GREAT LAKES, and its representatives, the Plaintiff's damages were only estimated at $96,532.72.

25. To date Plaintiff has yet to receive full payment on their Hurricane Harvey claim.

26. Defendant Great Lakes ignored the information provided by the Plaintiff and its public adjuster. Instead, Defendant Great Lakes chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiff's claim.

27. Defendant Great Lakes failed to perform its contractual obligation to compensate Plaintiff under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT GREAT LAKES - COUNT I - BREACH OF CONTRACT

28. Each of the foregoing paragraphs is incorporated by reference in the following.

29. Plaintiff and Defendant Great Lakes executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at. The policy provides coverage for the peril of wind, hurricane and rain, such as those sustained during Hurricane Harvey, among other perils.

30. All damages and loss to the Plaintiff's property was caused by the direct result of a peril for which Defendant Great Lakes insured the Plaintiff, pursuant to the policy herein, specifically, the perils of hurricane, wind, and rain.

31. Defendant Great Lakes sold the subject insurance policy to Plaintiff insuring the subject insured property in its "as is" condition.

32. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the high winds and rain that occurred during Hurricane Harvey.

33. Plaintiff submitted a claim to Defendant Great Lakes pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during Hurricane Harvey.

34. Plaintiff provided Defendant Great Lakes with proper notice of damage to the exterior and interior of the subject insured property.

35. Defendant Great Lakes ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiff's damage and chose to rely solely on its own consultants.

36. Defendant Great Lakes by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

37. Defendant Great Lakes by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hurricane winds and water damages to the subject property.

38. As of this date, Defendant Great Lakes by and through its adjusters and representatives have failed to pay for the hurricane winds and water damages to Plaintiff's property.

39. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

40. Defendant Great Lakes acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

41. Defendant Great Lakes has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

42. As of this date Defendant Great Lakes continues to be in breach of the contract.

43. Defendant Great Lakes ignored the information provided by Plaintiff and their public adjuster during the handling of the claim and did not make any payment to indemnify Plaintiff for the full amount of the covered damages.

44. Defendant Great Lakes failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

45. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

### COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

46. Each of the foregoing paragraphs is incorporated by reference in the following.

47. Defendant Great Lakes is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant Great Lake's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1. Misrepresenting a material fact or policy provision relating to coverage at issue;

    a. Making an untrue statement of material fact. Defendant Great Lakes through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject property stating the total damages were $96,532.72.

    b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. Defendant Great Lakes through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the building and property in order to more

      accurately investigate and evaluate the damages resulting from the covered perils of hurricane, wind and rain.

    c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. Defendant Great Lakes through its agents, employees, or consultants advised Plaintiff and its public adjuster that it had investigated and evaluated the damages to the subject property resulting from the August 25, 2017 hurricane and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. Defendant Great Lakes failed to consider reports provided by Plaintiff's and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

3. Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant Great Lakes has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

4. Closing a claim without conducting a reasonable investigation.

5. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. Defendant Great Lakes through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the buildings at the subject insured property in order to properly evaluate the extent and value of damages resulting from the Hurricane Harvey event of August 25, 2017.

48. Defendant Great Lake's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant Great Lake's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant Great Lake's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

**COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT**

49. Each of the foregoing paragraphs is incorporated by reference here fully.

50. Defendant Great Lake's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

51. Specifically, Defendant Great Lakes failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

52. Defendant Great Lakes unreasonably closed Plaintiff's claim and refused to investigate it.

53. Defendant Great Lakes failed to timely conduct a proper investigation of the damages to the subject properties resulting from a covered peril. resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

54. Defendant Great Lake's failure to give adequate consideration to the information provided by Plaintiff, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

55. Defendant Great Lakes ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make a payment.

56. Defendant Great Lakes, upon receipt of the Stevephen Lott and Richard Clarke's estimate from Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

57. Each of the foregoing paragraphs is incorporated by reference here fully.

58. Defendant Great Lake's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract

and in direct contradiction of the applicable industry standards of good faith and fair dealing.

59. Defendant Great Lakes failed to conduct a proper and thorough evaluation of Plaintiff's claim before closing it.

60. Defendant Great Lakes failing to perform adequate testing of the buildings to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the buildings and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

61. Defendant Great Lake's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

62. Defendant Great Lakes ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any payment.

63. Defendant Great Lakes failed to make any payment after receipt of the additional information from the public adjuster and Richard Clarke, when Defendant Great Lakes knew or should have known liability was reasonably clear.

**COUNT V – VIOLATIONS OF THE TEXAS
DECEPTIVE TRADE PRACTICES ACT**

64. Each of the foregoing paragraphs is incorporated by reference here fully.

65. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant Great Lakes and the products and services form the basis of this action.

66. Defendant Great Lakes has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendant Great Lakes took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

   b. Generally engaging in unconscionable courses of action while handling the claim; and/or

   c. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

67. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

68. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant Great Lakes' acts and omissions and pray that, Defendant Great Lakes be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant Great Lakes the following:

69. Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

70. For breach of contract by Defendant Great Lakes, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

71. For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant Great Lakes, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

72. For noncompliance with the Texas Prompt Payment of Claims Act by Defendant Great Lakes, Plaintiff is entitled to the amount of their claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

73. For violations of the common law duty of good faith and fair dealing by Defendant Great Lakes, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

74. For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant Great Lakes, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained

of, Plaintiff asks for **three (3) times** their damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

# JURY DEMAND

75. Plaintiff respectfully demands a **trial by jury**.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**


BY: /s/ *Phillip N. Sanov*
**PHILLIP N. SANOV, Bar No. 1148342
CARLA R. DELPIT, Bar No. 2248226
One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, Texas 77056
Telephone:   (832) 583-5663
Facsimile:    (504) 313-3820
Email: psanov@panditlaw.com
           cdelpit@panditlaw.com**

**ATTORNEYS FOR PLAINTIFF
POI INVESTMENT, L.L.C. d/b/a
POST OAK INN**